Pearson, J.
 

 The allegation made in the bill, that Maxwell made the entry for his own benefit, is not sufficiently proven in opposition to the answers. We are satisfied from the proofs, that Maxwell had notice of the entry, and the location of the plaintiff’s entry, at the time he made the entry for the defendant, Long. Notice to the agent is notice to the principal, so that the defendant, Long, had notice. We are also satisfied from the exhibits and the deposition of Mr. Hill, the Secretary of State, that the plaintiff did pay the purchase money within the time required by law, so that his entry did not lapse. This being the case, it is immaterial, whether the defendant had notice of the payment of the purchase money or not. 3n making an entry and taking out a grant for land, which he knew had been before entered by the plaintiff, he acted at his peril, and has no right to hold land, to which another is entitled, because he may have persuaded himself, that the entry had lapsed by the non payment of the purchase money, as it turns out that he was mistaken. It is no excuse for one, who takes the legal title to land, for which he knows another has contracted, to say that he believed the conditions of the contract had not been complied with, and that the right was forfeited, if it turns out not to be as he hoped it was.
 

 So, if one knows, that another has made an entry, he has no right to take it for granted, that the entry has lapsed. He should inform himself, for he is put on enquiry, and, if it turn out that, in fact, the entry had not lapsed, he cannot be allowed to hold the land. It was his folly to be too hasty in seeking an advantage from a supposed state of facts, and to act in the dark. He reckoned without his host. It was insisted in the argument for the defendant, that, although the plaintiff’ had'
 
 *262
 
 paid the purchase money within the time required by law, yet .as he did not take out a grant and perfect his title until November 1S41, which was more than two years from. the date of his entry, the grant is inoperative, unless he can bring it within the provisions of some of the statutes extending the time for perfecting title, and that, if this r case falls within any of those statutes, his grant must give way, under the proviso, to ihe defendant, who had in the mean time obtained his grant. The argument as« sumes, that the law requires a grant to be taken out within two years from the date of the entry, notwithstanding the purchase money has been paid within the time required by law. In this the counsel are mistaken. If the purchase money be paid in due time, there is no law fixing upon any particular time, within which the grant must be obtained. The enterer is looked upon as a purchaser, who has paid the price and may call for a title, when he chooses, with this restriction only, that if his entry be vague, it cannot amount to notice, and even when it is so specific, or has been made so by a survey, that he can allege notice, still, if he is unable to prove it, and any other person makes an entry
 
 without notice,
 
 he loses his right. Subject to this risk he may call for a grant when he chooses, as the law now stands-
 

 The Act of 1796, ch. 455, sec. 13, Laws of North Carolina, required
 
 grants
 
 to be
 
 taken out,
 
 as well as surveys to be made, within two years after the date of the entry, although the purchase money had been paid in due time. The. Act of 1804, ch. 651, id., repeals so much of the Act of 1796, as required grants to be taken out, but surveys were still required to be made, within two years from the date of the entry, and there are Acts regularly extending the time for making surveys, and some of the Acts extend the time for taking out grants, without any necessity for it, unless in cases where the purchase money had not been paid in due time. The Act of 1836, ch. 42, Rev.
 
 *263
 
 Stat. “entries and grants,” has no provision requiring either that surveys should be made or that grants should be obtained within any limited time, provided the purchase money is paid within the time required, and thus the Act of 1766 is repealed; but persons, who have made entries and paid the purchase money, by neglecting to perfect title, take the chance of losing the entries and their money, if any other persons enter upon the
 
 1
 
 and, whom they cannot prove to have had notice, or, if the entry be so vague and uncertain as not to be capable of being identified, in which case it cannot be made the subject of notice,
 
 Harris
 
 v.
 
 Ewing,
 
 1 Dev. & Bat. Eq. 369.
 

 There .are, since the Act of 1836, statutes from time to time extending the time for perfecting title. They are only necessary, when the purchase .money has not been paid, within the time required by law, although in some the provision is general, probably because the fact, that the Act of 1796 has been repealed by the Act of 1836 in this particular, was not. adverted to.
 

 The plaintiff is entitled to a decree for a con.ve3’ance from the defendant, John Long, of so much of the land, as is covered by bis grant, with costs ; and as the injunction heretofore granted has, by an interlocutory order, been heretofore dissolved, if the defendant has taken possession, the plaintiff’is entitled to have the possession given up to him, and an account of the profits and of the costs at law paid by the plaintiff to the defendant. As to the plaintiff’s own costs at law, he is not entitled to a decree, because he ought not to have resisted the recovery, as he did not. have the legal title. As to the other two defendants, the bill must be dismissed without costs. The allegation that their testator acted otherwise than as an agent, although not fully sustained, so as to entitle the plaintiff to a decree against them, is still so supported as to show, that the plaintiff had a reasonable ground for making them parties and
 
 to
 
 call for their title.
 

 Per Curiam.
 

 Decree accordingly.